**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| IFIOK EQUERE, ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | No. 4:07-CV-1571 CAS |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on federal prisoner Ifiok Equere's motion under 28 U.S.C. § 2255 to vacate, set aside or correct his sentence (Doc. 1). The government filed a response to the motion to vacate (Doc. 5) and the movant filed a reply (Doc. 7). For the reasons discussed below, the Court concludes that four of the five grounds asserted by movant are without merit and should be dismissed without an evidentiary hearing. Movant's assertions concerning whether he asked his attorneys to file a notice of appeal cannot be conclusively determined based on the motion, however, and the Court will conduct an evidentiary hearing on that issue alone.

**Background**.

On October 13, 2005, movant was indicted on two counts of false statements to the U.S. Department of Housing and Urban Development in violation of 18 U.S.C. § 1001(a)(2). On November 17, 2005, a superseding indictment was filed which added a third count, felon in possession of a firearm in violation of 18 U.S.C. § 922(g). See United States v. Equere, No. 4:05-CR-573 CAS (E.D. Mo.).

Movant made an initial appearance before a United States Magistrate Judge on November 9, 2005, and indicated that retained counsel, Mr. Daniel P. Reardon, Jr., would represent him. Movant was arraigned on November 10, 2005, at which time he entered a plea of not guilty. Movant filed pretrial motions but subsequently moved to withdraw the same, which motion was granted. (Doc. 30).

The parties reached a written plea agreement under which movant would plead guilty and in return the government agreed that no further federal prosecution would be brought in the Eastern District of Missouri relative to movant's false statements to HUD in connection with mortgage loans on certain real property in St. Louis known as 8315 Eads and 5910 Bermuda. (See Plea Agreement at 2, Doc. 32 in Case No. 4:05-CR-573 CAS). The parties recommended that the 2004 version of the Sentencing Guidelines Manual apply, and recommended that the base offense level was 6 under Section 2B1.1(a)(2), and that 8 levels should be added pursuant to Section 2B1.1(b)(1)(E), because the loss amount was more than $70,000 and less than $120,000. The parties estimated movant's Total Offense Level to be 18 following a two-level deduction pursuant to Section 3E1.1. for acceptance of responsibility. Id. at 7.

Movant pleaded guilty as charged before this Court on January 24, 2006, pursuant to the Plea Agreement. The matter was set for sentencing and a Presentence Investigation Report ("PSR") was ordered (Doc. 67 in Case No. 4:05-CR-573 CAS). The final PSR states that the 2005 edition of the Guidelines Manual was used, id. ¶ 21, and recommended that movant's base offense level was 6, with 8 levels added pursuant to Section 2B1.1(b)(1)(E) because the loss was more than $70,000, (id. ¶¶ 23-24), with a base offense level of 20 on the 18 U.S.C. § 922(g)(1) firearm charge because movant had a prior controlled substance offense conviction. (Id. ¶ 29). Movant's combined adjusted offense

level was recommended to be 21, (PSR ¶ 39), with a three-level reduction for acceptance of responsibility under Section 3E1.1(a) and (b), for a total offense level of 18. (Id. ¶¶ 40, 43). Movant's criminal history determined to be a category IV, based upon a total of seven criminal history points. (Id. ¶ 64). Based on movant's Total Offense Level and criminal history category, the guideline imprisonment range was from 41 to 51 months. (Id. ¶ 93).

The Plea Agreement stated in part that movant was fully satisfied with the representation he received from defense counsel, and that movant had reviewed the government's evidence and discussed the government's case and all possible defenses and defense witnesses with defense counsel. (Plea Agreement at 15). The Plea Agreement also stated that defense counsel completely and satisfactorily explored all areas defendant had requested relative to the government's case and any defenses. (Id.). In the Plea Agreement, movant waived his right to file an appeal with respect to all non-jurisdictional issues. (Id. at 3-4). Movant also waived all rights to contest the conviction or sentence in any post-conviction proceeding, except for claims of prosecutorial misconduct or ineffective assistance of counsel. (Id. at 4).

On August 15, 2006, movant appeared with his attorneys Mr. Reardon and Christopher M. Smith, Sr., and changed his plea to guilty. The Court sentenced movant to 37 months in custody and three years supervised release. (See Judgment, Doc. 65 in Case No. 4:05-CR-573 CAS). Subsequently, the Court granted movant's motion to amend the sentence and issued an amended judgment on August 25, 2006 (Doc. 70 in Case No. 4:05-CR-573 CAS), to include the recommendation that movant be screened for the 500-hour intensive drug treatment program and be allowed to participate, if and when he became eligible. (Id. at 2).

No direct appeal was filed, although movant appealed the Court's denial of his motion to alter or amend judgment filed pursuant to Rule 59(e), Federal Rules of Civil Procedure. The Court's denial was summarily affirmed by the Eighth Circuit Court of Appeals in a judgment dated February 28, 2008. See United States v. Equere, No. 07-2577 (8th Cir. Feb. 28, 2008).

Movant asserts five grounds of ineffective assistance of counsel in his § 2255 motion. Movant asserts that trial counsel were ineffective: (1) for failing to object to the use of the incorrect Sentencing Guidelines Manual, resulting in an ex post facto violation; (2) for failing to subpoena records from the lenders involved in this case and improperly advising movant as to the proper amount of loss for Guideline and restitution purposes, resulting in a one-level increase in movant's offense level to 18; (3) for failing to object to the government's breach of the Plea Agreement when it (i) failed to inform the Court that the Plea Agreement called for the use of the 2004 Guidelines Manual, although the PSR states that the Probation Office used the 2005 Guidelines Manual; and (ii) argued for a restitution amount above the maximum allowed by law; (4) for failing to obtain the Court's recommendation that movant be permitted to participate in a drug treatment program while incarcerated; and (5) for failing to honor movant's expressed desire to file a direct appeal concerning the amount of restitution. The Court will address each ground in turn.

**Legal Standard**.

Pursuant to 28 U.S.C. § 2255, a defendant may seek relief on grounds that the sentence was imposed in violation of the Constitution or law of the United States, that the court lacked jurisdiction to impose such a sentence, that the sentence exceeded the maximum authorized by law, or that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255. To warrant relief under § 2255, the errors of which the movant complains must amount to a fundamental miscarriage of justice. Davis

4

v. United States, 417 U.S. 333 (1974); Hill v. United States, 368 U.S. 424, 428 (1962). The Supreme Court has stated that "a collateral challenge may not do service for an appeal." United States v. Frady, 456 U.S. 152, 165 (1982).

It is well established that entry of an unconditional guilty plea waives all challenges to the prosecution of a criminal case, except for those related to jurisdiction. See United States v. Winheim, 143 F.3d 1116, 1117 (8th Cir. 1998); Smith v. United States, 876 F.2d 655, 657 (8th Cir.), cert. denied, 493 U.S. 869 (1989). Collateral review of a guilty plea is therefore "ordinarily confined to whether the underlying plea was both counseled and voluntary." United States v. Broce, 488 U.S. 563, 569 (1989).

"To establish ineffective assistance of counsel within the context of section 2255, . . . a movant faces a heavy burden." United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996). To prevail on an ineffective assistance of counsel claim, a movant must show both that counsel's performance was deficient and that he was prejudiced by the deficient performance. See McReynolds v. Kemna, 208 F.3d 721, 722 (8th Cir. 2000) (citing Strickland v. Washington, 466 U.S. 668, 687 (1984)).

Under the deficient performance inquiry of Strickland, a court considers whether counsel's performance was reasonable "under prevailing professional norms" and "considering all the circumstances." Burkhalter v. United States, 203 F.3d 1096, 1098 (8th Cir. 2000) (quoting Strickland, 466 U.S. at 688). It is presumed that counsel acted reasonably, and much deference is granted to counsel's performance. Id.; see Parkus v. Bowersox, 157 F.3d 1136, 1139 (8th Cir. 1998).

Prejudice is shown if there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. "Because the failure to establish prejudice can be dispositive of a case," this Court "need not address the reasonableness of the attorney's behavior if the movant cannot prove prejudice." Apfel, 97 F.3d at 1076 (citations omitted). Further, statements which are self-serving and unsupported by evidence do not establish a basis for relief under section 2255. Apfel, 97 F.3d at 1077.

The Strickland standard applies to guilty plea challenges premised upon allegations of ineffective assistance of counsel. Hill v. Lockhart, 474 U.S. 52, 58 (1985). To establish ineffective assistance of counsel, under the first prong a movant must demonstrate that "counsel's representation fell below an objective standard of reasonableness." Strickland, 466 U.S. at 688. When evaluating counsel's performance, "[a] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. Even if sufficient proof of the first prong exists, relief is warranted only if a movant also establishes that counsel's deficient performance prejudiced the case. Id. at 697. To satisfy the second prong's "prejudice" requirement, the movant must show "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. at 59. A court may address the two prongs in any order, and if the movant fails to make a sufficient showing of one prong, the court need not address the other prong. Strickland, 466 U.S. at 697; Fields v. United States, 201 F.3d 1025, 1027 (8th Cir. 2000).

"A § 2255 motion 'can be dismissed without a hearing if (1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted

6

as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" Sanders v. United States, 341 F.3d 720, 722 (8th Cir. 2003) (quoting Engelen v. United States, 68 F.3d 238, 240 (8th Cir. 1995)).

**Discussion**.

    **A. Guidelines Manual Issue**

A district court generally applies the version of the Sentencing Guidelines in effect on the date of a defendant's sentencing. U.S. Sentencing Guidelines Manual § 1B1.11. The Ex Post Facto Clause of the U.S. Constitution, however, requires a defendant to be sentenced under the guidelines in effect at the time of the offense if the guidelines have undergone substantive changes that would disadvantage the defendant. See United States v. Gardiner, 463 F.3d 445, 462 (6th Cir. 2006); United States v. Alfaro, 336 F.3d 876, 881 (9th Cir. 2003); United States v. Swanger, 919 F.2d 94, 95 (8th Cir. 1990). The Eighth Circuit Court of Appeals has held that an ex post facto violation occurs "if a defendant is sentenced under the Guidelines in effect at the time of sentencing when those Guidelines produce a sentence harsher than one permitted under the Guidelines in effect at the time the crime is committed." United States v. Bell, 991 F.2d 1445, 1452 (8th Cir. 1993) (citing Swanger, 919 F.2d at 95); see United States v. Davis, 397 F.3d 340, 347 (6th Cir. 2005) ("The Ex Post Facto Clause is implicated where a law punishes retrospectively; a law is retrospective if it changes the legal consequences of acts completed before its effective date.") (citations and quotations omitted).

As a threshold matter, movant does not argue that but for counsel's alleged errors, he would not have pleaded guilty and would have insisted on going to trial. Therefore, movant's claim against counsel fails for the reason that movant has not established the prejudice prong of the Strickland test. See Hill v. Lockhart, 474 U.S. at 59.

Further, the Court concludes that application of the 2005 Sentencing Guidelines was proper under U.S. Sentencing Guidelines Manual § 1B1.11 and does not implicate the Ex Post Facto Clause of the United States Constitution.[1] This is because movant's offense level would have been the same whether the 2000, 2004 or 2005 version of the Guidelines Manual was used. Based on the parties' stipulations and recommendations in the Plea Agreement and the loss calculations set forth in the PSR, to which no objections were filed, the Court found that movant was responsible for a loss in excess of $70,000 and less than $120,000. Using the 2000 Manual and applying old Section 2F1.1(a),[2] movant's base offense level would have been six points, and six points would have been added under Section 2F1.1(b) because the loss was more than $70,000 and less than $120,000, for a total of 12. Under Section 2F1.1(b)(2), movant also would have received an increase of two levels because the offense involved more than minimal planning and a scheme to defraud more than one victim, in this case HUD and the relevant financial institutions, either of which elements would have earned the two-level increase. See U.S.S.G. § 2F1.1(b)(2) (2000 Manual). Thus, under the 2000 Manual, movant's offense level would still have been 14 before adjustments for multiple counts or acceptance of responsibility. Further, the 2004 and 2005 Manuals are identical with respect to the relevant sections. Accordingly, even if the incorrect Manual was used to calculate movant's offense level, no ex post facto violation occurred because the Guidelines in effect at the time of sentencing

---

[1]The government suggests that reference to the 2005 Manual may have been a typographical error in the final PSR. The Court assumes for purposes of this opinion that the 2005 Guidelines Manual was used in calculating movant's offense level and Guidelines range, as stated in the final PSR. The Court notes that the parties in the Plea Agreement can only recommend the use of a particular Guidelines Manual, in this case the 2004 Manual.

[2]Section 2F1.1 was deleted as a result of the November 1, 2001 Amendments to the Sentencing Guidelines, and essentially replaced by Section 2B1.1 as found in the 2001 and subsequent Guidelines Manuals, including the 2004 and 2005 versions.

did not result in a harsher sentence than the prior Guidelines would have, and movant suffered no prejudice as a result of any error that may have occurred in applying the 2005 Manual.[3]

In addition, because movant had a criminal offense category of IV and a final adjusted total offense level of 18, his sentencing guideline range was 41 to 51 months, but the Court sentenced him to 37 months. Movant's claim is that his actual offense level should have been 17 rather than 18. As discussed below, movant was sentenced at offense level 17, and the 37-month sentence he received was at the low end of the Guidelines range for an offense level of 17.[4] Accordingly, movant is not entitled to relief, because he did not suffer prejudice as a result of any of the allegedly incorrect sentencing guidelines calculations.

Because the punishment under the 2000, 2004 and 2005 Sentencing Guidelines remained the same and the Ex Post Facto Clause was not violated, movant's counsel cannot be faulted for failing to seek to have movant sentenced based on the 2000 Sentencing Guidelines. Upon consideration, the Court finds that movant satisfies neither prong of the Strickland test. First, with respect to allegedly deficient performance, the parties recommended in the Plea Agreement signed by movant and his attorney that the Court use the 2004 version of the Sentencing Guidelines. (Plea Agreement

---

[3]Although neither party addresses this point, it appears that the 2005 Manual should have been used to establish movant's total offense level and Guidelines range, based on Section 1B1.11(b)(3), which states that if a "defendant is convicted of two offenses, the first committed before, and the second after, a revised edition of the Guidelines Manual became effective, the revised edition of the Guidelines Manual is to be applied to both offenses." U.S.S.G. § 1B1.11(b)(3). In the superseding indictment, movant was charged with defrauding HUD in 2000 and 2001 in Counts I and II, and with being a felon in possession of a firearm on November 9, 2005 in Count III. The 2005 Manual was effective November 1, 2005, prior to commission of the offense charged in Count III.

[4]The government interprets movant's § 2255 motion as asserting that movant should have been sentenced at offense level 16 rather than 18. Although the Court does not interpret the § 2255 motion to so assert, it notes that the sentencing range at offense level 16 would have been 33 to 41 months, and movant was sentenced to 37 months, in the middle of that range.

9

at 6). Under these circumstances, the Court finds movant's attorneys' actions fell within the "wide range of professionally competent assistance" sanctioned by Strickland, and thus their performance was not constitutionally deficient. With respect to Strickland's second prong, the Court finds movant fails to demonstrate the requisite prejudice because, as discussed above, movant's total offense level and sentence would have been the same if he had been sentenced under the 2000 Manual, the 2004 Manual, or the 2005 Manual.

Movant's first ground is therefore denied.

### B. Amount of Loss and Restitution

Movant's second ground of ineffective assistance is that his counsel failed to subpoena records from HUD and the affected financial institutions to establish that the amount of loss was less than set forth in the PSR. Movant asserts in the § 2255 motion, without any supporting evidence, that there was little or no actual loss incurred as a result of his fraudulent transactions, because Wells Fargo repaid HUD and sold the 8315 Eads property for more than the amount it paid to HUD; and because HUD did not resell the 5910 Bermuda property for less than $23,000, but rather the sale amount was closer to the lender's funding amount. As previously stated, movant does not support his contentions with affidavits or any other documentary evidence, but rather merely makes conclusory factual assertions.

The government responds that the third and final PSR prepared in the case correctly calculated movant's loss and restitution amounts, and that documentation supporting the PSR's calculations was provided to movant's counsel prior to sentencing. The government asserts that some of the figures relied on by movant were contained in earlier, incorrect versions of the PSR. The government submits unauthenticated copies of the supporting documentation as Exhibits A and B to

its response. The government asserts that movant's claims should be rejected as not being supported by the facts and the record.

As a threshold matter, movant is challenging only the restitution portion of his sentence. The majority of the circuit courts have concluded that § 2255 "may not be utilized for the sole purpose of attacking fines and orders of restitution." Blaik v. United States, 161 F.3d 1341, 1342-43 (11th Cir. 1998) (citing Barnickel v. United States, 113 F.3d 704, 706 (7th Cir. 1997); Smullen v. United States, 94 F.3d 20, 25-26 (1st Cir. 1996); United States v. Watroba, 56 F.3d 28, 29 (6th Cir.), cert. denied, 516 U.S. 904 (1995); United States v. Segler, 37 F.3d 1131, 1136-37 (5th Cir. 1994); and United States v. Michaud, 901 F.2d 5, 7 (1st Cir. 1990)); see Blaik at 1343 ("[W]e hold that § 2255 cannot be utilized by a federal prisoner who challenges only the restitution portion of his sentence because § 2255 affords relief only to those prisoners who 'claim[ ] the right to be released' from custody." (quoting 28 U.S.C. § 2255 )); Kaminski v. United States, 339 F.3d 84, 87 (2d Cir. 2003) ("[W]e agree with the other circuits that have held that § 2255 may not be used to bring collateral challenges addressed solely to noncustodial punishments like the one at issue here."); United States v. Corcho, 60 F. App'x 479, 480 (4th Cir. 2003) (unpublished per curiam) ("[I]t is well settled that § 2255 relief may not be granted when the litigant challenges only a fine or restitution order"); United States v. Kramer, 195 F.3d 1129, 1130 (9th Cir. 1999) ("We agree with our sister circuits and join them in holding that by its plain terms, § 2255 is available only to defendants who are in custody and claiming the right to be released. It cannot be used solely to challenge a restitution order."). The Court has not found any Eighth Circuit decisions directly on point, but at least one district court in this circuit has reached the same conclusion. See Covey v. United States, 109 F.Supp.2d 1135, 1143 (D.S.D. 2000) ("The Court . . . is persuaded by the above cited circuit decisions that movant may not

11

challenge the fine, restitution or special assessment imposed as part of his criminal sentence in this § 2255 proceeding.").

Based on the foregoing authorities, the Court concludes that movant may not challenge the restitution imposed as part of his sentence in this § 2255 proceeding. Furthermore, the Court concludes that movant is foreclosed from raising this claim based on his stipulations and agreements contained in the Plea Agreement, and his silence when the issue of restitution was discussed at sentencing.

The Plea Agreement contains the following factual stipulations concerning restitution. With respect to the property at 8515 Eads, HUD's loss on the FHA mortgage was $58,401. (Plea Agreement at 10). With respect to the property at 5910 Bermuda, HUD's loss was $46,279. (Id.). The Plea Agreement acknowledges that restitution is mandatory and movant agreed to pay restitution in full to all victims:

> The defendant further acknowledges that pursuant to Title 18, United States Code, Section 3663A, an order of restitution is mandatory in this case for all crimes listed in Section 3663A(c) committed after April 24, 1996. The defendant agrees that regardless of the particular counts of conviction, the amount of mandatory restitution imposed shall include all amounts allowed by Section 3663A(b) and the amount of loss agreed to by the parties, including all relevant conduct loss. The defendant agrees to provide full restitution to all victims of all charges in the indictment without regard to the count or counts to which the defendant has agreed to plead guilty.

Plea Agreement at 14.

The Eighth Circuit has "held several times that a defendant's agreement to pay the restitution that a district court orders is binding." United States v. Lester, 200 F.3d 1179, 1179 (8th Cir. 2000) (citing United States v. Williams, 128 F.3d 1239, 1240 (8th Cir. 1997); United States v. Marsh, 932 F.2d 710, 713 (8th Cir. 1991)); see also 18 U.S.C. § 3663(a)(3) (2000) ("The court may also order

12

restitution in any criminal case to the extent agreed to by the parties in a plea agreement."). In this case, movant specifically agreed that restitution was mandatory and agreed to provide full restitution to all victims of all charges in the indictment. Cf. Marsh, 932 F.2d at 713; Williams, 128 F.3d at 1240.

At the sentencing proceedings, the government stated that the parties had reached an agreement under which the government agreed that the defendant would be sentenced at an offense level of 17, rather than 18, in return for defendant accepting the restitution amount set forth in the final version of the PSR, i.e., restitution to U.S. Bank in the amount of $46,299.08 and to Wells Fargo in the amount of $58,403.08, for a total restitution amount of $104,702.08. Defendant's counsel Mr. Smith stated that this was correct, and defendant did not raise any objection to this representation. Because defendant was to be sentenced at offense level 17, his guidelines range was 37 to 46 months, rather than 41 to 51 months. The Court asked defendant if he had anything he wished to say before sentence was imposed, and defendant spoke to the Court at length, but did not mention the issue of restitution. The Court specifically addressed the amount of restitution payable to each of the two victims, stated that the restitution was mandatory, and ordered defendant to pay it, prior to sentencing defendant to 37 months pursuant to the parties' agreement. Movant cannot stand silent in this manner and then later attempt to challenge the amount of restitution.

As a result, movant's second ground is barred and will be denied.

### C. Failure to Challenge Government's Breach of the Plea Agreement

Movant's third ground is that his counsel were ineffective for failing to challenge the government's breach of the plea agreement in (1) allowing use of the 2005 Guidelines Manual, and (2) arguing for and obtaining a higher than proper amount of restitution.

First, movant does not argue that but for counsel's alleged errors, he would not have pleaded guilty and would have insisted on going to trial. Therefore, movant's claim against counsel fails for the reason that movant has not established the prejudice prong of the Strickland test. See Hill v. Lockhart, 474 U.S. at 59.

Second, as discussed above, use of the 2005 Guidelines Manual appears to have been correct, and in any event did not prejudice movant, and movant agreed to pay the amount of restitution and cannot challenge it in this § 2255 motion. Counsel will not be deemed ineffective for failing to make a meritless objection or argument. See Thomas v. United States, 951 F.2d 902, 904 (8th Cir. 1991) (per curiam). Movant's third ground is therefore without merit and will be denied.

### D. Drug Treatment Recommendation

Movant's fourth ground is that his counsel were ineffective for failing to obtain the Court's recommendation in the judgment that movant be permitted to participate in a drug treatment program. This ground is without merit, and also is not cognizable in this action.

Movant's counsel timely sought and obtained an amendment of the judgment under Rule 35(a), Federal Rules of Criminal Procedure, and an amended judgment was issued on August 25, 2006, which included the recommendation that movant be screened for the 500-hour intensive drug treatment program and be allowed to participate therein. Thus, movant's claim of ineffective assistance is without merit.

More fundamentally, the determination whether or not movant could participate in the 500-hour drug treatment program is within the sole discretion of the U.S. Bureau of Prisons ("BOP"), see 18 U.S.C. §§ 3621, 4042, and the BOP is free to disregard a court's recommendation. As a result, a § 2255 motion is not the proper vehicle to challenge the manner in which the BOP is implementing movant's sentence, and such a claim is not cognizable in this action. This ground is therefore denied.

**E. Failure to File Notice of Appeal**

Movant's final ground is that his counsel were ineffective for failing to honor movant's expressed desire to file a direct appeal concerning the amount of restitution. The government responds that "even if counsel was deficient in failing to file an appeal, petitioner fails to established [sic] that he was prejudiced by said failure because he cannot establish any meritorious claims that he could have raised on appeal." Govt. Response at 5.

It is well established that the failure of an attorney to file an appeal "after being instructed to do so . . . constitutes ineffective assistance" even without a showing of prejudice or likely success on appeal as is required for other § 2255 petitions. Barger v. United States, 204 F.3d 1180, 1181 (8th Cir. 2000); see also Holloway v. United States, 960 F.2d 1348, 1356-57 (8th Cir. 1992) ("No inquiry into prejudice or likely success on appeal is necessary."). The government's response is therefore not well taken. If movant asked for an appeal, his lawyers violated his Sixth Amendment rights by failing to complete the "ministerial task" of filing a notice of appeal. See Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000).

"The appropriate remedy is to remand for re-sentencing, thus affording the [movant] an opportunity to take a timely direct appeal." Barger, 204 F.3d at 1182. For such a claim to succeed, however, movant must show that he instructed his counsel to file an appeal. Barger, 204 F.3d at

1182. "A bare assertion by the petitioner that [ ]he made a request is not by itself sufficient to support a grant of relief, if evidence that the fact-finder finds to be more credible indicates the contrary proposition." Id.; see also Rodriguez v. United States, 964 F.2d 840, 842 (8th Cir. 1992) (per curiam).

Upon consideration of the foregoing, the Court will hold an evidentiary hearing in order to determine the facts relating to the alleged failure of movant's counsel to file a notice of appeal. See Crutcher v. United States, 2 F. App'x 658 (8th Cir. 2001).

**Conclusion**.

For the foregoing reasons, movant's claims in Grounds One, Two, Three and Four are denied. The Court will hold an evidentiary hearing to determine the facts relating to the movant's claim in Ground Five that his counsel failed to file a notice of appeal after being asked to do so.

**Certificate of Appealability**.

Under 28 U.S.C. § 2253, "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484-85 (2000); see Miller-El v. Cockrell, 537 U.S. 322, 342 (2003) ("The question [on the certificate of appealability determination] is the debatability of the underlying constitutional claim, not the resolution of that debate.").

Upon careful review of the record, the Court finds movant has not demonstrated that reasonable jurists would (1) find the Court's assessment of the constitutional claims debatable or

16

wrong; or (2) find it debatable whether the Court was correct in its procedural rulings, and therefore the Court does not reach the issue whether reasonable jurists would find it debatable that the petition states a valid claim of the denial of a constitutional right. See Slack, 529 U.S. at 484-85. The Court therefore concludes movant is not entitled to a certificate of appealability on his dismissed claims.

Accordingly,

**IT IS HEREBY ORDERED** that movant Ifiok Equere's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody is **DENIED in part** and **held in abeyance in part**; said Motion is **DENIED** with respect to the claims asserted in Grounds One, Two, Three and Four, and **held in abeyance** pending an evidentiary hearing with respect to movant's assertion in Ground Five that counsel failed to file a notice of appeal. [Doc. 1]

**IT IS FURTHER ORDERED** that the Court will hold an evidentiary hearing to determine the facts relating to the alleged failure of movant's counsel to file a notice of appeal.

**IT IS FURTHER ORDERED** that Mr. Stephen R. Welby, 1221 Locust, Suite 407, St. Louis, Missouri 63103, telephone number (314) 436-1888, is appointed to represent Ifiok Equere at the evidentiary hearing concerning the alleged failure of movant's prior counsel to file a notice of appeal. The Clerk of the Court shall provide movant's appointed counsel with a complete copy of the Court file.

**IT IS FURTHER ORDERED** that the presence and participation of Ifiok Equere, Inmate #63650-80, is required for the evidentiary hearing, which will be held before this Court on Thursday, **December 11, 2008**, at 11:00 a.m. in Courtroom No. 12-N.

**IT IS FURTHER ORDERED** that the United States Marshal Service shall transport Movant from USP Marion in Marion, Illinois, to this Court, to attend this hearing.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability as to any of the dismissed claims raised in movant's § 2255 motion. See Slack v. McDaniel, 529 U.S. 473, 484-85 (2000); Miller-El v. Cockrell, 537 U.S. 322, 342 (2003).

An appropriate partial judgment will accompany this memorandum and order.


_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  10th  day of November, 2008.